## JONES CANTRELL v. STATE.

No. A-3081.   Opinion Filed April 8, 1919.

(179 Pac. 781.)

**INTOXICATING LIQUORS—Unlawful Transportation—Sufficiency of Evidence.** In a prosecution for unlawfully conveying intoxicating liquor, the evidence considered, and **held** sufficient to sustain the conviction, and that no reversible error was committed on the trial.

*Appeal from Superior Court, Muskogee County;*
*H. C. Thurman, Judge.*

Jones Cantrell was convicted of a violation of the prohibitory liquor law, and appeals. Affirmed.

*W. J. Crump, M. G. Bailey,* and *Don M. Crump,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.  The plaintiff in error, Jones Cantrell, and J. I. Brown were jointly charged with conveying eight gallons of alcohol and 192 pints of whisky from a point unknown in Muskogee county to a place where the Missouri, Oklahoma & Gulf railway crosses the Missouri Kansas & Texas Railway just north of Muskogee, in said county. On motion of the county attorney prosecution was dismissed as to the defendant Brown, and upon his trial plaintiff in error, Jones Cantrell, was convicted, and his punishment fixed at six months' confinement in the county jail and a fine of $100. From the judgment rendered on the verdict he appeals.

The errors assigned question the sufficiency of the evidence to support the verdict. For the state B. G.

Hughes, deputy sheriff, testified that he, with J. D. Robbins, also a deputy sheriff, went to the crossing of the M., K. & T. and M., O. & G. Railroads, a short distance north of Muskogee, and concealed themselves at the stockyards near the railroad crossing, and while there, about 4 o'clock in the morning, the train known as the Katy Limited stopped at the crossing, and some one on the platform of the second sleeper dropped off certain packages; that the party had on white canvas slippers.

After the train had passed he saw defendant Cantrell standing there with one Jim Brown, who was also an officer, and defendant was wearing white canvas slippers. Defendant picked up one of the packages and started to where there was a taxicab standing near the track. Witness called after the cabman and told him to stop, and with Robbins he gathered up the packages containing the whisky and alcohol and put them in the taxicab and told the cab driver to haul them with the defendants back to town.

For the defense Jim Brown testified that he was at the railroad crossing 30 or 40 minutes before the train passed, but did not see defendant Jones Cantrell there until after the train passed; that Cantrell picked up one of the packages and then said, "Hello, Jim! what are you doing down here at this time of the morning?" and just then Officers Hughes and Robbins appeared.

Jim Thomas testified that he drove Jim Brown out in his taxicab to said railroad crossing, and was waiting there when the train passed, and after the train passed Jones Cantrell appeared and said to him, "Take me to town," and as he started Deputy Sheriff Hughes appeared and told witness to stop; that at that time he had been waiting there about 45 minutes.

The defendant Cantrell did not take the stand as a witness.

The foregoing statement is sufficient to show that the evidence in the case fully warranted the verdict of the jury. Upon a careful consideration of the whole record we are of the opinion that plaintiff in error has no just cause of complaint. The judgment of the superior court of Muskogee county is therefore affirmed.

ARMSTRONG and MATSON, JJ., concur.